**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-2225**

---

DIANA CAROLINA CRUZ-MARTINEZ; Y.C.V.C.,

Petitioners,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  August 28, 2025                    Decided:  September 2, 2025

---

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:**  Mark J. Devine, Charleston, South Carolina, for Petitioners.  Yaakov M. Roth, Acting Assistant Attorney General, Leslie McKay, Assistant Director, William C. Minick, Senior Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diana Carolina Cruz-Martinez and her then-minor daughter, Y.C.V.C., are natives and citizens of Honduras (collectively, "Petitioners").[1] They petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's oral decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

The Board first found that Petitioners failed to address on appeal the immigration judge's critical ruling that Petitioners did not satisfy the nexus element for their asylum and statutory withholding of removal claims and, thus, that they waived review of that component of the immigration judge's decision. Because that ruling was independently dispositive of those applications, the Board declined to reach the issues that Petitioners did raise in the administrative appeal. Petitioners now challenge the immigration judge's nexus ruling,[2] but that issue is not exhausted as it was not raised on appeal to the Board, *see* 8 U.S.C. § 1252(d)(1), and, thus, as the Attorney General contends, is not properly before this court, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although

---

[1] Cruz-Martinez's then-minor daughter was a rider on her asylum application, *see* 8 U.S.C. § 1158(b)(3), who also submitted her own application for relief. Cruz-Martinez's daughter is identified as a petitioner in this court by her initials.

[2] We observe that Petitioners do not address the Board's waiver holding in their brief in this court. As such, any such challenge to that holding is forfeited. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs); *see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (citation modified)).

2

"§ 1252(d)(1) is not jurisdictional," it "remains a mandatory claim-processing rule"). Nor are Petitioners' arguments related to the other aspects of the immigration judge's rulings properly before us because the Board specifically declined to address those issues in affirming the order of removal. *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that, "[w]hen the Board adopts the analysis used by the IJ [and] supplements it with its own reasoning, we review both decisions," but that "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision" (internal quotation marks omitted)).

Finally, Petitioners assign error to the denial of their applications for relief under the CAT. The Board summarily affirmed the immigration judge's denial of this relief because Petitioners' counseled, administrative appeal brief failed to address the immigration judge's rationale for finding Petitioners ineligible for protection under the CAT. Because the record confirms this holding, we agree with the Attorney General that the more specific arguments now advanced are unexhausted, *see Tepas*, 73 F.4th at 213, and, as such, are not properly before this court for review.

Accordingly, we deny the petition for review. *See In re Cruz-Martinez* (B.I.A. Nov. 14, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3